## DENARO v. McLAREN CONSOLIDATED CONE CORPORATION.

Circuit Court of Appeals, First Circuit.
January 12, 1928.

No. 2140.

1. Patents ⬅328—1,071,027, for automatic pastry-making machine, held infringed.

Bruckman patent, No. 1,071,027, for automatic pastry-making machine, held infringed.

2. Patents ⬅45—Pendency of patents at same time in Patent Office, with no interference declared, creates strong presumption of patentable novelty.

Fact that alleged anticipating patent had been pending in Patent Office at the same time as patent in suit, and no interference declared between them, creates strong presumption of patentable novelty.

3. Patents ⬅310(10)—Petition to file supplemental bill to authorize consideration of prior applications will be denied, when consideration thereof would not affect validity of patent claimed to have been infringed.

Petition to file a supplemental bill in the nature of a bill of review will be denied, when for the purpose of determining anticipation by patents as to which aplication was made before application for patent in suit was filed, and patent issued subsequently, where it appears that, even if such applications had been considered, validity or patent in suit would not have been affected.

4. Patents ⬅312(2)—Depositions bearing on price of product held properly excluded in patent infringement suit, where patent has previously been held valid.

Where Bruckman patent, No. 1,071,027, for an automatic pastry-making machine used in manufacture of ice cream cones, had been held to be valid, depositions in subsequent suit for infringement by an alleged changed machine, bearing on price of ice cream cones, held properly excluded.

Appeal from the District Court of the United States for the District of Massachusetts; James Arnold Lowell, Judge.

Suit by the McLaren Consolidated Cone Corporation against James Denaro. Decree for plaintiff, and defendant appeals. Affirmed.

Jesse A. Holton, of Boston, Mass., for appellant.

Drury W. Cooper, of New York City (Thomas A. Mullen, of Boston, Mass., Henry J. Savage, of Chicago, Ill., and Thomas J. Byrne, of New York City, on the brief), for appellee.

Before BINGHAM and JOHNSON, Circuit Judges, and HALE, District Judge.

JOHNSON, Circuit Judge. [1] In this suit infringement of letters patent of the United States No. 1,071,027, issued August 26, 1913, to Fredrick A. Bruckman, for an automatic pastry-making machine, is alleged. In American Cone & Wafer Company v. Denaro, 297 F. 913, this court adjudged the patent valid and infringed. Denaro has since made certain changes in the machine there held to infringe. The validity of the Bruckman patent having been determined by this court, the only question to be decided by the District Court was whether his alleged changed machine infringes. It has held that it does, and from this decree an appeal has been taken.

The appellant has filed a petition for leave to file a supplemental bill in the nature of a bill of review and a memorandum in support of the petition. This petition is

grounded upon the opinion of the Supreme Court in Alexander Millburn Co. v. Davis-Bournonville Co., 270 U. S. 390, 46 S. Ct. 324, 70 L. Ed. 651, which holds that, where application is made for a patent before the application for a patent in suit is filed, but a patent is not issued on the former until after a patent on the latter is issued, the prior application may be considered in determining whether there was anticipation of the patent first issued, and of which infringement is alleged.

In the present case it is claimed that applications for patents to Lanier, No. 1,257,-497, to Bohlig, No. 1,047,122, and to Wessel, No. 1,148,642, were filed in the Patent Office prior to Bruckman's application, but that patents were not issued, except to Bohlig, until after the patent to Bruckman was issued, and that, under the law as it was understood in this circuit when the decision was rendered in American Cone & Wafer Co. v. Denaro, supra, and in the Eighth Circuit (Roberts Cone Mfg. Co. v. Bruckman, 266 F. 986), where the Bruckman patent had been under consideration, only patents which had been issued at a date prior to that of the patent in suit could be considered in determining whether the inventor of the patent claimed to be infringed was the first inventor or not.

The McLaren Consolidated Cone Corporation, Inc., has succeeded to all the rights of the original plaintiffs in the suit of American Cone & Wafer Co. v. Denaro, supra, and has been substituted as plaintiff.

The bill alleges that the defendant still continues to manufacture and use machines which come within the scope of and infringe the Bruckman patent; that, while some parts are substantially identical with Bruckman, others differ only in details of construction and operation.

Bruckman's patent relates to the manufacture of ice cream cones. In the opinion of this court in American Cone & Wafer Co. v. Denaro, supra, it was said: "While Bruckman had made use of well-known elements, all of them old, yet by a new combination and sequence of operations, which he introduced in his step by step method, and the ingenious and novel method which he contributed for extracting the cone from the molds automatically, thus doing away with the unsanitary conditions caused by extracting the cones by hand, he produced a new and beneficial result never attained before and largely cheapened the cost of production."

23 F.(2d)—25

Accord was expressed by it with the following language in the opinion of the Circuit Court of Appeals in the Eighth Circuit in Roberts Cone Mfg. Co. v. Bruckman, 266 F. 986: "Bruckman has created a machine which automatically takes a semi-fluid, adhesive batter from a tank, carries it through all intermediate stages of formation, baking, trimming, and conveyance, and finally deposits it as a finished, fragile, commercially perfect crust cone on a table ready for packing into cartons. No such result had ever been accomplished before; it was a useful result, and accomplished in a highly satisfactory and sanitary manner. This entitles his machine to be considered a pioneer in the field of automatic production of sanitary batter cones." It was held by this court that the method of extracting the cone from the mold was Bruckman's valuable contribution to the art, and produced a result never before accomplished, and that the claims which covered it, read in the light cast upon them by the drawings and specifications, should be given a liberal construction.

[2] If the patents which had been applied for prior to Bruckman's application had been considered, the result reached would not have been different from that arrived at. Bohlig was prior to Bruckman, both in his application and his patent. Its molds are of solid type, and after the cones are cooked they are ejected by push-pin devices. This patent was clearly distinguishable from Bruckman. Lanier, 1,063,981, was placed in interference with Bruckman, but not upon the extraction claims. In this the cones are removed by hand. There was nothing in the application to apprize one of the advantage of holding the core within the mold to assist in stripping the cone from the mold. Lanier, 1,257,407, was applied for in December, 1908. The patent in suit was applied for May 11, 1910. They were therefore copending in the Patent Office more than three years. Lanier in this operates on an entirely different principle from Bruckman in the extraction of the cones. In it the cores are removed from the sockets or molds, with the baked cones adhering to them by reason of slight notches upon the surface of the cores, and then the cores are caused to rotate to detach them from the baked cones. The fact that it was copending so long with Bruckman in the Patent Office, and no interference declared upon the extracting process, creates a strong presumption that Bruckman in this process had patentable novelty. See Farmers', etc., v. Beaver, etc. (C. C. A.) 236 F. 731. In Wessel, 1,148,642, the applica-

tion was prior to that of Bruckman, but no interference was declared between that and. Bruckman. Instead of having split molds, its molds are in a solid bed, and the baked cones are extracted by hand, or by any other means.

[3] If, in the light of Alexander Millburn Co. v. Davis-Bournonville Co., supra, these applications had been considered, they would not have affected the claim of Bruckman to be the first inventor of the extraction method, which he showed and which the court found entitled him to be classed as a pioneer. The petition to file a supplemental bill in the nature of a bill of review is therefore denied.

The alleged infringing machine of Denaro was in operation in the city of Cambridge; and the learned District Judge, in order to avail himself of a close inspection of this machine in operation, adjourned the hearing to the factory where it was being operated, and some of the testimony was taken there.

Although counsel have in great detail pointed out other important particulars in which it is claimed infringement was proven, we content ourselves with considering again the invention which Bruckman made in the extraction of the baked cone from the molds without being touched by the hand. The infringing machine, as did the first machine of Denaro held by this court to infringe, retains the core within the molds while they are being separated. Although in the second machine it is claimed that the slight raising of the core within the mold is simultaneous with the cracking open of the mold, yet during the whole of the remainder of the opening of the mold, until the baked cone drops from it, the core remains suspended within it, and assists, as does the core in Bruckman, in stripping the cone from the mold. It is entirely immaterial whether the core is raised simultaneously with the partial opening of the mold, or whether this raising precedes that opening as in Bruckman. The purpose for which this is done is the same in both, namely, to free the core from the cone which adheres to it, and then the core is left suspended within the mold, to assist in stripping the cone from its sides as it is opened. Not only is the same result accomplished in both, but the means used are practically identical.

[4] Error is assigned because the District Court declined to receive in evidence certain depositions bearing upon the price of ice cream cones, both before and after Bruckman's machine was put upon the market. As the patent had been held by this court to be valid, these depositions were correctly excluded.

The decree of the District Court is affirmed, with costs to the appellee.