## ALEXANDER MILBURN COMPANY v. DAVIS-BOURNONVILLE COMPANY.

CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE SECOND CIRCUIT.

No. 107.  Argued January 11, 12, 1926.—Decided March 8, 1926.

1. Where a patent application fully and adequately disclosed, but did not claim, the thing patented to a later applicant alleging a later date of invention, the later applicant was not the "first inventor" within Rev. Stats. § 4920.  P. 399.
2. As regards "reduction to practice," a description that would bar a patent if printed in a periodical or in an issued patent is equally effective in an application.  P. 401.

1 Fed. (2d) 227, reversed.

CERTIORARI to a decree of the Circuit Court of Appeals which affirmed a decree of the District Court (297 Fed. 846) enjoining an alleged infringement of plaintiff's patent.

*Mr. James A. Watson*, for petitioner.

The court below erred in assuming that under the defense of R. S. 4920 it was necessary to show that Clifford was the "first inventor," whereas the statute simply requires proof that Whitford "was not the original and

first inventor." No *inter partes* question of priority of invention is involved in this defense. It also erred in overlooking the presumption of law that what Clifford disclosed and did not claim was old and known when he filed his application. *Millett & Reed* v. *Duell,* 18 App. D. C. 186; *Mahn* v. *Harwood,* 112 U. S. 354. It erred further in overlooking the inequity of the grant.to Whitford of a monopoly which would deprive Clifford of the right to use important features of his own device and deprive the public of the right to use what was disclosed in Clifford's prior application and which was either known to Clifford to be old, or, if invented by Clifford, deliberately dedicated to the public. There are many cases in which this Court and the lower courts have held that the first inventor, having reduced his'invention to practice, may abandon or dedicate his invention to the public, by failure to claim, or for other reasons, but we have found no case in which such abandonment or dedication has been held to entitle a later inventor to a patent for the invention. *Keystone Bridge Co.* v. *Phoenix Iron Co.,* 95 U. S. 274; *Miller* v. *Brass Co.,* 104 U. S. 350; *Eames* v. *Andrews,* 122 U. S. 40; *Deering* v. *Winona Harvester Works,* 155 U. S. 286; *McClain* v. *Ortmayer,* 141 U. S. 419. Assuming that Clifford was the inventor of the thing he failed to claim, he made it public property as soon as the patent issued and every day that passed thereafter added to the strength of the public right. *Mahn* v. *Harwood,* 112 U. S. 354.

The right of the public to use the invention was tentative during the period of two years from the date of the Clifford patent, as during this period Clifford might have filed an application for a reissue, or a divisional application, claiming the invention, and the application would have related back to the date of filing the original application. *Chapman* v. *Wintroath,* 252 U. S. 126; *Smith & Griggs Mfg. Co.* v. *Sprague,* 123 U. S. 249; *Millett &*

*Reed* v. *Duell,* 18 App. D. C. 186; *Ex parte Grosslin,* 97 O. G. 2977. The issuance of such a patent to Clifford, after interference with Whitford, would have invalidated the Whitford claims, as, obviously, there cannot be two monopolies of the same thing. The Whitford patent was allowed through oversight of the Patent Office and contrary to established practice as pointed out in the Patent Office Rules. Clifford perfected his invention when he filed his application.

The application was a constructive reduction to practice—of what it disclosed—before Whitford conceived. *Chapman* v. *Wintroath, supra; Smith & Griggs Mfg. Co.* v. *Sprague, supra; Von Recklinghausen* v. *Dempster,* 34 App. D. C. 474.

Clifford had an inchoate right to claim the invention or to re-claim it up to the instant the public came into full possession. *Roberts* v. *Ryer,* 91 U. S. 150; *Pope Mfg. Co.* v. *Gommully Mfg. Co.,* 144 U. S. 224; *Naceskid Service Chain Co.* v. *Perdue,* 1 Fed. (2d) 924; *Diamond Drill Mch. Co.* v. *Kelly Bros.,* 120 Fed. 295; *Westinghouse* v. *Chartiers Val. Gas Co.,* 43 Fed. 582; *Barnes Automatic Sprinkler Co.* v. *Walworth Mfg. Co.,* 51 Fed. 88, 60 Fed. 605; *Farmers' Handy Wagon Co.* v. *Beaver Silo & Box Mfg. Co.,* 236 Fed. 731; *Hamilton Beach Mfg. Co.* v. *Geirer Co.,* 230 Fed. 430; *Camp Bros. & Co.* v. *Portable Wagon Dump & E. Co.,* 251 Fed. 603; *Willard* v. *Union Tool Co.,* 253 Fed. 48.

The decisions of the Court of Appeals of the District of Columbia are of great importance as they control the interpretation of the law in the Patent Office. See *Millett & Reed* v. *Duell,* 18 App. D. C. 186.

The doctrine announced by the court below is in conflict with the uniform practice in the Patent Office during the last 50 years. *United States* v. *Hill,* 120 U. S. 169; *Baltzell* v. *Mitchell,* 3 Fed. (2d) 428; *Ex parte Wright,* 1870 C. D. 60; *Bell* v. *Gray,* 15 O. G. 776; *Ex parte Bland,*

16 O. G. 47. It appears that, shortly after the Bland decision, the practice of declaring an interference between a pending application claiming and a patent disclosing but not claiming an invention was discontinued. The practice of rejecting an application claiming upon a patent disclosing but not claiming an invention was continued and has been the uniform practice of the Patent Office to the present time. Instead of declaring an interference and determining the question of priority *inter partes,* present Patent Office Rule 75 permits the applicant to overcome such a patent by making " oath to facts showing a completion of the invention in this country before the filing of the application on which the domestic patent issued." This rule is at present in force and no change has been made in it during the past twenty-seven years.

Under the practice of the Patent Office, for at least fifty years, the application for the Whitford patent should have been rejected upon the Clifford patent which was issued while the Whitford application was pending and which admittedly disclosed, without claiming, the invention claimed by Whitford. The allowance of the Whitford patent was an oversight.

*Mr. D. S. Edmonds,* with whom *Messrs. R. Morton Adams, J. F. Brandenburg,* and *William H. Davis* were on the brief, for respondent.

There are two ways in which an earlier filed patent can be used to invalidate a later one, by establishing prior knowledge, or by establishing prior invention. Our patent system, in defining the conditions under which an inventor is entitled to a patent, adopts the fundamental view that the invention must not have been known before, and adds that it will be deemed known if it has been printed in a publication or patented in this or a foreign country, but not if it has only been used in a foreign

country (§ 4923, R. S.). The conditions giving rise to the right to a patent are defined by § 4886, R. S., and the procedural requirements which must be complied with in procuring the grant after the right has arisen are defined in §§ 4888 to 4893, R. S., inclusive. Broadly stated, any failure to comply with the conditions of § 4886 prevents the right to a patent from arising, and is a defense to a suit on the patent; and any failure to comply with the procedural requirements of §§ 4888 to 4893, inclusive, invalidates the grant because of a defect in the procedure.

The date of conception by an inventor becomes important only when someone else asserts a right to a patent for the same invention and it is necessary to determine which was first. There may be two persons who are original inventors within the meaning of § 4886, but they cannot both be first inventors. If each asserts his right to a patent, a contest of priority arises. The statute provides for such a contest in the Patent Office under § 4904, R. S., and in the courts under § 4918, R. S.

The application is not a printed publication. Nor is it a patent. It indicates nothing as to the completeness of the disclosure of the patent in suit or as to whether the invention in suit was in public use or on sale or abandoned. It therefore has no bearing on the matters set out in the first, third, and fifth clauses of § 4920. It can have a bearing only on the defenses of the second and fourth clauses. The second clause, in its literal wording, is directed to a situation where the patentee secured a patent for an invention which had been conceived at an earlier date by another who was using diligence in perfecting it, and it has been held to recognize the right of an inventor, in a contest of priority, to go back to his date of conception. *Reed* v. *Cutter* [1841], 1 Story, 590. It is this defense which is pleaded in the case at bar; and Clifford is set up as the prior inventor. But, since the issue on the conflict of law involves more than

this, it is necessary to consider the fourth clause, which holds that, if the prior knowledge be shown by the fact of prior invention by another, it must be a completed invention actually reduced to practice and available to the public. The mere fact of prior invention is not enough, as it is well settled that a concealed, forgotten, or abandoned invention is not a bar to a patent to a subsequent inventor. *Gayler* v. *Wilder,* 10 How. 477; *Mason* v. *Hepburn,* 13 App. D. C. 86.

A patent application does not establish prior invention or priority of right unless the subject matter disclosed is claimed. It is true that the fact of prior invention may be used to invalidate if the prior invention was in fact reduced to practice so that it was actually available to the public. But in such case it becomes a part of the public knowledge, and may be proved as such, and the assertion of a right to a patent has no bearing.

Briefly stated, the history, substance, and application of the doctrine of constructive reduction to practice are as follows:

1. From the point of view of the patent system, an invention is not complete until the inventor has taken it out of the realm of speculation into that of fact; until he has actually built the machine which he is supposed to have invented so that it has a real existence and is available to the public.

2. The patent statutes (§ 4886) do not require this actual reduction to practice if a complete allowable application for a patent on the invention is filed. This act has been called a " constructive reduction to practice."

3. It is essential that the patentee claim his invention.

4. The doctrine has no application to unclaimed subject-matter, and has been evolved solely for the benefit of one asserting a right to a patent. When relied upon by the defendant in a suit for infringement, it may be used only insofar as the subject-matter is claimed.

Reduction to practice consists of making and using the invention so that it has a physical existence. This does not mean the mere making of sketches or description. There must be more than this. The invention must be taken out of the realm of speculation into that of reality. *Reed* v. *Cutter,* 1 Story 590; *Agawam* v. *Jordan,* 7 Wall. 583; *Seymour* v. *Osborne,* 11 Wall. 516; *Draper* v. *Potomska Mills Corp.,* 3 Ban. & A. 214; *Automatic* v. *Pneumatic,* 166 Fed. 288; *Warren Bros. Co.* v. *Owosso,* 166 Fed. 309; *Sydeman* v. *Thoma,* 32 App. D. C. 362.

Conception may be evidenced by sketches or description showing a complete idea of means. But not so with reduction to practice. *Lyman Co.* v. *Lalor,* 12 Blatch. 303; *Howes* v. *McNeal,* 15 Blatch. 103; *Porter* v. *Louden,* 7 App. D. C. 64; *Mason* v. *Hepburn,* 13 App. D. C. 86, and cases cited; *Sydeman* v. *Thoma,* 32 App. D. C. 362. In the early years of our patent system reduction to practice could be proved only by a showing that there was an actual successful practice of the invention. And it was held that such a reduction to practice was necessary before any right to a patent arose. *Reed* v. *Cutter,* 1 Story 590; *Washburn* v. *Gould,* 3 Story 122; *Cahoon* v. *Ring,* 1 Cliff. 592; *Whiteley* v. *Swayne,* 7 Wall. 685; *Agawam* v. *Jordan,* 7 Wall. 583; *Seymour* v. *Osborne,* 11 Wall. 516; *Lyman* v. *Lalor,* 12 Blatch. 303; *Herring* v. *Nelson,* 14 Blatch. 293; *Howes* v. *McNeal,* 15 Blatch. 103. Later cases held, however, that, where one is asserting his right to a patent, the statutes do not require an actual reduction to practice if the patent is allowed. *Wheeler* v. *Clipper,* 10 Blatch. 181; *Telephone Cases,* 126 U. S. 1; *Automatic* v. *Pneumatic,* 166 Fed. 288. It is essential that the application be not only allowable, but be allowed. Abandoned or rejected applications are not considered evidence of prior invention. *Corn Planter Patent,* 23 Wall. 181; *Lyman* v. *Lalor,* 12 Blatch. 303; *Fire Extinguisher Co.* v. *Philadelphia,* 1 Ban. & A. 177; *Herring* v. *Nelson,* 14 Blatch. 293; *Webster* v. *Sanford,* 1888 C. D. 92.

Section 4888, R. S., requires the applicant to "particularly point out and distinctly claim the part, improvement or combination which he claims as his invention or discovery." Section 4892 requires him to "make oath that he does verily believe himself to be the original and first inventor or discoverer of the . . . improvement for which he solicits a patent." The time at which the claim is made does not affect this, as it may be made by amendment, in a divisional application, or by reissue. *Smith & Griggs Co.* v. *Sprague,* 123 U. S. 249; *Austin* v. *Johnson,* 18 App. D. C. 83; *Ex parte Waterman,* C. D. 235; *Hopfelt* v. *Read,* C. D. 319; *Duryea & White* v. *Rice,* 28 App. D. C. 423; *Von Recklinghausen* v. *Dempster,* 34 App. D. C. 474; *Chapman* v. *Wintroath,* 252 U. S. 126. The original disclosure cannot be materially changed. The statement of invention and the claims may be changed; but when an applicant presents a claim for matter originally shown or described, but not substantially embraced in the statement of invention or claim originally presented, he is required to file a supplemental oath to the effect that the subject-matter of the proposed amendment was part of his invention and was invented before he filed his original application. The purpose of the disclosure is to make the invention so clear that no further invention is necessary to put it into practice, so that, upon issuance of the patent, the public will be as fully aware of the invention as if it actually saw and used it. It is essential that this requirement be complied with before allowance, and patents are held invalid for non-compliance. *Wood* v. *Underhill,* 5 How. 1; *Tannage Co.* v. *Zahn,* 66 Fed. 986; *Natl. Chemical Co.* v. *Swift & Co.,* 100 Fed. 451; *Featheredge Rubber Co.* v. *Miller Rubber Co.,* 259 Fed. 565. To determine this, the Patent Office examines the part claimed to determine its operability. There is no occasion to consider any part which is not claimed or which is not essential to the part claimed.

Patents which are inoperative in unclaimed and non-essential features are not held invalid for that reason. *Keystone Foundry Co.* v. *Fastpress Co.,* 263 Fed. 99; *Pickering* v. *McCullough,* 194 U. S. 319; *Dalton Adding Mch. Co.* v. *Rockford Mch. Co.,* 253 Fed. 187, aff. 267 Fed. 422; *Manhattan Book Co.* v. *Fuller Co.,* 204 Fed. 286.

The doctrine of "constructive reduction to practice" was evolved, therefore, only to assist one asserting in a formal way a right to a patent, and it had nothing to do with proving prior invention as a defense. The fact that the applicant is actively engaged in securing a patent on an invention and at the same time is disclosing matter which he does not claim, seems to us to be evidence that the unclaimed matter was not his invention. *Electric Co.* v. *Westinghouse Co.,* 171 Fed. 83.

The unclaimed disclosure in a patent application does not constitute prior knowledge within the meaning of § 4886 as of the date of filing of the application. Section 4886 provides that if a device is in use publicly it is within the knowledge of the art, or if it is described in a printed publication or in a patent it will be deemed to be within the knowledge of the art. But it has always been held that sketches, drawings or description, regardless of how complete they may be, and regardless of the fact that they are known to several people, do not constitute knowledge within the meaning of § 4886 unless they are published. *Searls* v. *Bouton,* 12 Fed. 140; *Stitt* v. *Eastern R. Co.,* 22 Fed. 649; *Judson* v. *Bradford,* 3 Ban. & A. 539; *Westinghouse* v. *General Elec. Co.,* 199 Fed. 907, aff. 207 Fed. 75; *De Kando* v. *Armstrong,* 37 App. D. C. 314; Robinson, Vol. I, page 310. To regard the subject-matter disclosed but not claimed in an application as part of the prior art as of the date of filing of that application is, we think, so far in conflict with the practical purpose of the patent law and so inconsistent with all the other rules and procedures that have grown up in the practical carrying out of that purpose that it must be rejected.

Mr. Jᴜsᴛɪᴄᴇ Hᴏʟᴍᴇs delivered the opinion of the Court.

This is a suit for the infringement of the plaintiff's patent for an improvement in welding and cutting apparatus alleged to have been the invention of one Whitford. The suit embraced other matters but this is the only one material here. The defense is that Whitford was not the first inventor of the thing patented, and the answer gives notice that to prove the invalidity of the patent evidence will be offered that one Clifford invented the thing, his patent being referred to and identified. The application for the plaintiff's patent was filed on March 4, 1911, and the patent was issued June 4, 1912. There was no evidence carrying Whitford's invention further back. Clifford's application was filed on January 31, 1911, before Whitford's, and his patent was issued on February 6, 1912. It is not disputed that this application gave a complete and adequate description of the thing patented to Whitford, but it did not claim it. The District Court gave the plaintiff a decree, holding that, while Clifford might have added this claim to his application, yet as he did not, he was not a prior inventor, 297 Fed. Rep. 846. The decree was affirmed by the Circuit Court of Appeals. 1 Fed. (2d) 227. There is a conflict between this decision and those of other Circuit Courts of Appeals, especially the sixth. *Lemley* v. *Dobson-Evans Co.*, 243 Fed. 391. *Naceskid Service Chain Co.* v. *Perdue*, 1 Fed. (2d) 924. Therefore a writ of certiorari was granted by this Court. 266 U. S. 596.—

The patent law authorizes a person who has invented an improvement like the present, 'not known or used by others in this country, before his invention,' &c., to obtain a patent for it. Rev. Sts. § 4886, amended, March 3, 1897, c. 391, § 1, 29 Stat. 692. Among the defences to a suit for infringement the fourth specified by the statute is that the patentee 'was not the original and first in-

ventor or discoverer of any material and substantial part of the thing patented.' Rev. Sts. § 4920, amended, March 3, 1897, c. 391, § 2, 29 Stat. 692. Taking these words in their natural sense as they would be read by the common man, obviously one is not the first inventor if, as was the case here, somebody else has made a complete and adequate description of the thing claimed before the earliest moment to which the alleged inventor can carry his invention back. But the words cannot be taken quite so simply. In view of the gain to the public that the patent laws mean to secure we assume for purposes of decision that it would have been no bar to Whitford's patent if Clifford had written out his prior description and kept it in his portfolio uncommunicated to anyone. More than that, since the decision in the case of *The Cornplanter Patent,* 23 Wall. 181, it is said, at all events for many years, the Patent Office has made no search among abandoned patent applications, and by the words of the statute a previous foreign invention does not invalidate a patent granted here if it has not been patented or described in a printed publication. Rev. Sts. § 4923. See *Westinghouse Machine Co.* v. *General Electric Co.,* 207 Fed. 75. These analogies prevailed in the minds of the Courts below.

On the other hand, publication in a periodical is a bar. This as it seems to us is more than an arbrtrary enactment, and illustrates, as does the rule concerning previous public use, the principle that, subject to the exceptions mentioned, one really must be the first inventor in order to be entitled to a patent. *Coffin* v. *Ogden,* 18 Wall. 120. We understand the Circuit Court of Appeals to admit that if Whitford had not applied for his patent until after the issue to Clifford, the disclosure by the latter would have had the same effect as the publication of the same words in a periodical, although not made the basis of a claim. 1 Fed. (2d) 233. The invention is made public property

as much in the one case as in the other. But if this be true, as we think that it is, it seems to us that a sound distinction cannot be taken between that case and a patent applied for before but not granted until after a second patent is sought. The delays of the patent office ought not to cut down the effect of what has been done. The description shows that Whitford was not the first inventor. Clifford had done all that he could do to make his description public. He had taken steps that would make it public as soon at the Patent Office did its work, although, of course, amendments might be required of him before the end could be reached. We see no reason in the words or policy of the law for allowing Whitford to profit by the delay and make himself out to be the first inventor when he was not so in fact, when Clifford had shown knowledge inconsistent with the allowance of Whitford's claim, [*Webster*] *Loom Co.* v. *Higgins,* 105 U. S. 580, and when otherwise the publication of his patent would abandon the thing described to the public unless it already was old. *McClain* v. *Ortmayer,* 141 U. S. 419, 424. *Underwood* v. *Gerber,* 149 U. S. 224, 230.

The question is not whether Clifford showed himself by the description to be the first inventor. By putting it in that form it is comparatively easy to take the next step and say that he is not an inventor in the sense of the statute unless he makes a claim. The question is whether Clifford's disclosure made it impossible for Whitford to claim the invention at a later date. The disclosure would have had the same effect as at present if Clifford had added to his description a statement that he did not claim the thing described because he abandoned it or because he believed it to be old. It is not necessary to show who did invent the thing in order to show that Whitford did not.

It is said that without a claim the thing described is not reduced to practice. But this seems to us to rest on

a false theory helped out by the fiction that by a claim it is reduced to practice. A new application and a claim may be based on the original description within two years, and the original priority established notwithstanding intervening claims. *Chapman* v. *Wintroath*, 252 U. S. 126, 137. A description that would bar a patent if printed in a periodical or in an issued patent is equally effective in an application so far as reduction to practice goes.

As to the analogies relied upon below, the disregard of abandoned patent applications, however explained, cannot be taken to establish a principle beyond the rule as actually applied. As an empirical rule it no doubt is convenient if not necessary to the Patent Office, and we are not disposed to disturb it, although we infer that originally the practice of the Office was different. The policy of the statute as to foreign inventions obviously stands on its own footing and cannot be applied to domestic affairs. The fundamental rule we repeat is that the patentee must be the first inventor. The qualifications in aid of a wish to encourage improvements or to avoid laborious investigations do not prevent the rule from applying here.

*Decree reversed.*