## OSTEEN v. ANSCO PHOTOPRODUCTS, Inc.

. Circuit Court of Appeals, Second Circuit.
July 9, 1928.

### No. 350.

Patents ⊛⟹328—1,195,976, for improvements in cameras, held invalid, as anticipated, and for lack of invention.

Osteen patent, No. 1,195,976, for improvements in cameras, relating to folding cameras adapted to take photographs on film rolled on reels mounted within casing of camera and fed from supply reel, *held* invalid, as anticipated, and for lack of invention.

Appeal from the District Court of the United States for the Northern District of New York.

Suit by Percy C. Osteen against the Ansco Photoproducts, Inc. Decree for plaintiff, sustaining claim of patent No. 1,195,976, granted to plaintiff August 15, 1916, for improvement in cameras, and holding it infringed, and defendant appeals. Reversed, with directions. ·

Pennie, Davis, Marvin & Edmonds, of New York City (Dean S. Edmonds, of New York City, and Philip S. Hopkins, of Binghamton, N. Y., of counsel), for appellant.

Couper & Terry, of Binghamton, N. Y. (Mack W. Terry, of Binghamton, N. Y., B. P. Fishburne, of Washington, D. C., and J. Alex Neely, Jr., of Anderson, S. C., of counsel), for appellee.

Before MANTON, L. HAND, and AUGUSTUS N. HAND, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge. The patent in suit relates to folding cameras of the familiar type, adapted to take photographs upon a film rolled upon reels mounted within the casing of the camera and fed from the supply reel to the take-up reel step by step as the pictures are taken. There were devices for the automatic winding of the film before folding cameras were in use, and it had long been realized that if, by reason of any carelessness, the film was not advanced after operating the shutter before another picture was taken, two exposures would be made upon the same section of the film, and likewise, if the film was advanced after taking the picture, and the operator subsequently forgot that this had been done, and advanced it again, one section of the film would be wasted.

To solve these inevitable difficulties arising from carelessness of operation, it had been an invention of long standing to provide a spring motor in box cameras for winding off the film step by step, and to release the spring motor each time the shutter was operated. The United States patent, No. 506,210, to R. G. Barrill, issued October 10, 1893, illustrates an automatic wind connected with the shutter in a box camera. In this patent, when a lever is pressed lengthwise, a disc known as the shutter leaf is revolved, followed by the operation of a spring motor to wind off a section of the film. The still earlier patent, No. 417,871, to H. Laney, issued December 24, 1889, shows a lever in a box camera, the depression of which allows a spring to rotate the shutter. The shutter during its rotation operates a second lever, to release a third lever that drives the film.

When the box camera was succeeded in popularity by the folding camera, it was to be expected that the general features which had been discovered to be advantageous in box cameras would be employed, so far as practicable, in the folding camera.

By folding camera is meant a camera with an opening in its front wall in which a rectangular platform, known as the hinged front, is pivotally mounted. This front may be turned upon its hinge to a horizontal position, and the shutter may be drawn out over the platform thus provided; the bellows expanding as the shutter is so moved, to maintain the light-tight passage from the shutter back to the film.

Osteen, the patentee in this case, sought to apply an automatic wind for the film under the control of the shutter to a folding camera. He proposed to use a spring motor for feeding the film, as had long before been done in box cameras, and proposed an operating connection between shutter and motor, as others had done before. But not only was the application of these ideas to box cameras well known, but, when attempting to apply them to folding cameras, Osteen entered a field already crowded. When he attempted to apply these old elements to a folding camera, he had to make some provision for folding the parts connecting the shutter and motor, as the hinged front of the camera was pivoted into a closed position.

But the Johnson patents, Nos. 1,083,743 and 1,166,763, had already disclosed pneumatic means for operating the shutter and governing a spring motor to wind off the film in a folding camera. These connecting means were foldable, and mounted in part upon the platform and in part upon the casing of the camera.

The German patent, No. 274,841, to Beyerlen, and United States patent, No. 866,877, to Moore & Saffold, had likewise already disclosed devices for operating the shutter in a folding camera and releasing a spring motor for winding off the film, under the control of the shutter mechanisms, but employing flexible wire-operating devices, instead of the pneumatic devices already mentioned. These flexible wires were folded into the space about the shutter when the camera was closed.

The third Johnson patent, No. 1,103,418, granted July 14, 1914, not only related to a folding camera having an automatic motor wind under the control of the shutter mechanism, but employed rigid mechanical connections, instead of pneumatic tubes or flexible wires, to furnish interconnecting parts. It may be seen from the drawings that the forward end of shaft 44 has universal joint 45. This collapsible shaft served to operate the shutter mechanism and was connected with the spring motor. The telescopic and universal joints made it possible to move the shutter out from the platform to the operative position and back into the casing to fold the camera. The universal joints are for the same purpose as the ruler joint of Osteen's lever, and the shaft is mounted partly upon the hinged front or platform and partly upon the casing.

There was, lastly, in the prior art the patent to Brauner & Rosen, No. 1,253,205. The application for this patent was nearly a year before Osteen's patent was applied for, so that it was prior art, under Milburn v. Davis-Bournonville Co., 270 U. S. 390, 46 S. Ct. 324, 70 L. Ed. 651. This Brauner & Rosen patent shows a sliding rod operating in a guide and projecting along the front of the folding camera. It is connected through the medium of a gear and associated elements with the flexible wire which leads to the shutter mechanism. The sliding rod connects the flexible wire with a reciprocating bell-crank lever that operates the mechanism to release the spring motor so that the film is wound upon the take-up reel. In this patent the mechanism connecting the releasing means with the shutter are foldable, and they are carried partly by the body of the camera and partly by the hinged front.

Such being the state of the art in respect to devices in folding cameras for an automatic wind for the film under the control of the shutter, Osteen obtained his patent on August 15, 1916, and has secured a decision from the District Court that claim 2 is valid and infringed. This claim reads as follows:

"In a camera, a body, a hinged front therefor, a shutter supported on said hinged front, a film-receiving spool rotatably mounted in said body, means normally tending to rotate said spool, means to lock said spool against rotation, means for releasing said locking means, and foldable means carried partly by said body and partly by said hinged front connecting said releasing means with said shutter for actuating the latter."

If the terms of this claim be taken as they read, the plaintiff is confronted with the fact that it is anticipated by Johnson and by Brauner & Rosen. He consequently seeks to exclude "pneumatic means" in interpreting the words "foldable means," so as to avoid the first Johnson patents, and in the same way to exclude "flexible means," in order to escape the Beyerlen and Moore patents. Having thus limited himself by exclusion to a rigid mechanism, he is met by the shaft of the third Johnson patent, with its universal joint, and by the rod and bell-crank lever of Brauner & Rosen. To avoid this prior art the patentee must practically confine himself to the structure specifically disclosed in his patent. But, if he does this, the defendant does not infringe. Its device follows United States patent, No. 1,268,805, to Topliff, G. Bornmann, and E. C. Clark. The lever which it uses is not foldable, for it has nothing like the ruler joint of the patent in suit on which it may fold itself, but has a solid lever pivoted on the body of the camera. It therefore, does not fold, but swings as a whole, and likewise is not "carried * * * partly" by the hinged front, as claim 2 specifies.

Claim 2 was originally claim 8 in the patentee's application, and was rejected by the Patent Office upon the Beyerlen patent.

This patent showed a flexible wire connection for operating the spring motor, carried solely by the body portion of the camera. Claim 8, which before the amendment had read "means connecting said releasing means with said shutter for actuating the latter," was changed so as to read "foldable means carried partly by said body and partly by said hinged front, connecting said releasing means with said shutter for actuating the latter." After obtaining the allowance of his claim by the insertion of these new elements, the patentee cannot now be heard to insist that the "means" need not be foldable, and need not be carried partly on the hinged front.

Furthermore, the claim reads so closely on the Brauner & Rosen device that there

27 F.(2d)—44

would seem to be no room for invention. Even if the third Johnson patent, in view of the already crowded state of the art, be not regarded as fatal to plaintiff's case, Brauner, as well as Osteen, has a flexible wire extending through a flexible' woven tube in order to operate the shutter. The only difference between them in this respect is that Osteen has the flexible wire extending first to the shutter and then beyond to a junction with the other parts, forming the connection between the shutter and the spring motor; whereas, in Brauner, the flexible wire extends first to this junction with the other parts of the mechanism, and then on to the shutter. In Brauner the reciprocating rod 12, and in Osteen the rocking member 57 move upwardly when the shutter is operated to effect the release of the spring motor. The difference is that Osteen's lever is a long one, pivoted to the platform at 64, and Brauner's has a short stem having a pivotable connection 59, with a bell crank lever 10 fulcrumed at 11. In Osteen the ruler joint 65, and in Brauner the pivot 59, afford means for folding the mechanism. The fact that in Brauner's camera the part 8 reciprocates, instead of turning about a pivot is unimportant. The two patents disclose merely different forms of levers. In the Brauner patent a reciprocating rod is carried by the front and the bell crank by the body; whereas, in the Osteen patent, the portion of the lever to the right of the ruler joint is carried by the front and the rear portion by the body. There seems to be a complete anticipation of claim 2 by the Brauner patent, and in any event the substitution of such an obvious equivalent as a bell-crank lever device for the pivoted lever of Osteen is insufficient to indicate invention.

It is, moreover, to be noted that no cameras have ever been manufactured under plaintiff's patent, and he seems to have shown no adequate experience in such matters. He testified that, when he took out the patent, he was in the "barber business," and at the time of the trial was "in the theater business." The rough device, which he made in 1915, he testified was not made in accordance with the drawings of his patent. It is quite unlikely that a man with such experience could have contributed a meritorious invention to a technical and complicated art, and, at least so far as the claim in suit is concerned, there would seem to be no evidence that he ever did.

The decree is reversed, with directions to dismiss the bill, because of invalidity and noninfringement.