**ANDERSON & WRITER CORPORATION v. KANE et al.**

District Court, S. D. New York.

July 24, 1931.

Kenyon & Kenyon, of New York City (Wm. Houston Kenyon and W. Houston Kenyon, Jr., both of New York City, of counsel), for plaintiff.

O. Ellery Edwards, of New York City, for defendants.

COXE, District Judge.

This is an infringement suit involving the Writer patent, No. 1,725,500, issued August 20, 1929, and covering a tam-pressing machine. The patent has already been before this court and the Circuit Court of Appeals on a motion for a preliminary injunction in the case of Anderson v. Hanky (D. C.) 36 F.(2d) 412; Id. (C. C. A.) 40 F.(2d) 196. And in view of the exhaustive opinions in those courts it seems unnecessary to enter into any extended discussion of the patent or the prior art.

The claims in issue are Nos. 8, 9, 10, and 11, and the defenses are anticipation and lack of invention.

The device described and claimed is a simple tam-pressing machine having an upper and a lower die, and a circular plate or former, all so arranged that by the simultaneous application of heat and pressure a tam or beret may be produced quickly and inexpensively from a single piece of material. It is not contended that there is invention in the shaping of the dies, or that there is anything patentable in the manner of applying heat to the dampened cloth; but it is insisted that in the particular arrangement of the machine to produce a novel and beneficial result there is something more than ordinary skill.

The defenses are based entirely on: (1) The Kiwad patent, No. 1,530,001, issued March 17, 1925; and (2) the Kiwad application bearing Serial No. 111,017. The Kiwad patent, No. 1,530,001, was part of the record in the Hanky Case; but the application, Serial No. 111,017, is now presented for the first time in this case.

The Kiwad patent, No. 1,530,001, is in no way an anticipation. To be sure it has an upper and a lower die, and a former, but the

426

method of operation is essentially different from that of the patent in suit, and the result is not the same. Writer works on dampened cloth, which he molds into shape by the simultaneous stretching and ironing of the material; whereas, Kiwad removes the wrinkles by stretching instead of ironing, and applies steam to soften the material. The two machines are not the same, and anticipation is not available where modification is necessary: Block v. Nathan (C. C. A.) 9 F.(2d) 311, 312; Metropolitan v. Williamsburg (C. C. A.) 19 F.(2d) 442, 447.

The Kiwad application, Serial No. 111,017, adds little to the Kiwad patent, No. 1,530,001, already referred to. It discloses merely the old collapsing blocks with a perforated steaming die; and it is no more an anticipation than the Kiwad patent, No. 1,530,001. It is doubtful, also, whether it may be considered as part of the prior art on the bare question of invention. Brown v. Guild, 23 Wall. 181, 23 L. Ed. 161; Sundh v. Interborough (C. C. A.) 198 F. 94; Alexander Milburn Co. v. Davis, 270 U. S. 390, 46 S. Ct. 324, 70 L. Ed. 651. But however that may be, it is insufficient to discredit the patent in suit.

I therefore hold that the machine of the patent in suit discloses invention, and that claims 8, 9, 10, and 11 are valid; and, inasmuch as there is no contest on the question of infringement, it follows that there may be a decree for the plaintiff with costs.