## SCRIPTO MFG. CO. v. EAGLE PENCIL CO.

District Court, S. D. New York.

July 24, 1934.

Ralph E. Slayton, of New York City, for plaintiff.

Dean, Fairbank, Hirsch & Foster, of New York City (Morris Hirsch, of New York City, of counsel), for defendant.

COXE, District Judge.

This is an infringement suit involving the Hauton patents, Nos. 1,853,560, and

1,853,561, relating to mechanical pencils, both granted April 12, 1932.

The devices of the two patents are not essentially different, except with respect to minor details, and each has a lead-propelling mechanism incased in a wooden shell, simulating in "appearance or feel" an ordinary wood pencil. The principal features stressed are: (1) A rotatable lead magazine, adapted to receive "a plurality of juxtaposed leads"; (2) a wooden casing made from "two or more complementary parts" joined together; (3) a tapered tip at the writing end of the pencil to hold the lead in place; and (4) a turning eraser ferrule.

The claims relied on are Nos. 5, 14, 17, and 18 of patent No. 1,853,560, and Nos. 7 and 8 of patent No. 1,853,561; and claim No. 18 of patent No. 1,853,560 may be taken as fairly typical, reading as follows: 18. "A mechanical pencil comprising a casing having a longitudinal internally threaded bore and terminating in a tapered rigid guide tip at the writing end of the pencil, a rotatable member having a slot within the bore, a member having a wing projecting through the slot of the rotatable member and engaging the threads of the bore to move the lead on rotation of the rotatable member."

The defendant's pencil, known as the Eagle Automatic 75—10, has a bakelite casing molded with an integral screw feed track therein; it does not have any wooden casing or metal feed tube such as shown by the Hauton patents.

The defenses are invalidity and noninfringement.

■■■ The defendant has cited a large number of prior patents as anticipations of both patents, but the principal reliance is placed on Fischer, No. 1,427,729, Fischer, No. 1,550,527, Fitch, No. 1,585,843, and Fischer, No. 1,729,165. All of these patents were applied for prior to the earliest date claimed by Hauton, and are, therefore, available as references. Alexander Milburn Co. v. Davis-Bournonville Co., 270 U.S. 390, 46 S.Ct. 324, 70 L.Ed. 651. But it is only necessary to consider Fischer, No. 1,729,165, to demonstrate the complete invalidity of the patents in suit. This Fischer patent shows a construction, which, in all essential features, duplicates the Hauton construction; and claim 18 of patent No. 1,853,560 reads practically word for word on it; indeed, the only noticeable differences between the two mechanisms are so slight as to be inconsequential; and certainly there is no distinguishing feature which amounts to patentable invention. I think it is clear, therefore, that both Hauton patents are invalid for lack of invention.

In view of this disposition of the case, it is unnecessary to pass on the issue of infringement.

There may be a decree holding claims 5, 14, 17, and 18 of patent No. 1,853,560, and claims 7 and 8 of patent No. 1,853,561, invalid for lack of invention, and dismissing the complaint, with costs.