## INTERNATIONAL SEAL & KNOT PROTECTOR CO. v. E. J. BROOKS CO.

### No. 6595.

Circuit Court of Appeals, Third Circuit.

July 19, 1938.

Clair W. Fairbank, John F. Ryan, and S. A. Demma, all of New York City, for appellant.

Axel V. Beeken, of New York City, for appellee.

Before DAVIS and BIGGS, Circuit Judges, and DICKINSON, District Judge.

BIGGS, Circuit Judge.

Frank Keidel assigned Patent No. 1,783,938 to the appellant, which brought suit against the appellee in the District Court of the United States for the District of New Jersey, alleging that claim 8[1] of the patent was valid and infringed. The patent is for a seal, to be made out of one piece of metal, which will automatically lock to sealing position after being applied to the article to be sealed. The Keidel seal is composed of a housing member, an infolding member and a cover member which locks around and under the infolding member in such wise as to make it difficult to dislodge the locking member without the destruction of the seal itself. Closing the seal forces the locking member down upon and under the infolding member. When this has been accomplished, since it is difficult to penetrate to the locking member by any instrument usually available, the device is an effective lock.

Self-locking seals are of use where garments are sold on the self-service plan and prevent the switching by customers of price tags between high priced and low priced garments. The device also serves to prevent garments from being worn and then returned, for the practice among merchants is to refuse to take back any garment from which the tag has been removed. Such seals generally can be removed only by destroying them.

The learned District Judge, holding claim 8 of the patent to be invalid as anticipated by the prior art and for want of invention over the prior art, dismissed the

---

1 Claim 8 is as follows:
"8. A seal including a main section adapted to form a housing to receive an article to be sealed, a section adapted to fold thereinto, and a section adapted to fold into the housing section and form a closure therefor, and adapted to embrace the infolded section, and inturned flanges on the closure section to interlock with the infolded section and within the housing section to lock the closure section in closed position."

bill of complaint. This appeal was taken from the decree of dismissal.

We concur in the conclusion of the District Court that claim 8 is invalid. The gist of Keidel's device, and it is so described by the appellant upon its brief, is "the provision of an outer casing for the interlocking members in a one-piece seal to protect them from tampering." This is precisely the disclosure of Patent No. 1,789,236 issued to Klein and Kasanof.

Adjudicating the claims of the latter patent to be valid, the Circuit Court of Appeals for the Second Circuit, in Klein v. American Casting & Manufacturing Corporation, 87 F.2d 291, 292, set forth clearly the disclosure of the patent as follows: "The seal of the Klein patent is made out of a single piece of metal. It is formed with two pivotable jaws adapted to sandwich the ends of the tie member between them and has a mechanism for locking them together after the tie member has been inserted. Each jaw has a substantially flat body portion and marginal flanges, the flanges of one jaw being telescopable with respect to the flanges of the other when the jaws are closed. A hinge upon which the two jaws pivot is made by bending the metal at their junction. The side walls in conjunction with the end walls form a chamber wherein the locking parts which consist of two metallic lips doubled back upon the end walls are so inclosed as to be incapable of manipulation. The marginal flanges are generally wedge-shaped in order to give the seal a form tapering toward the hinge so that a small cord can be grasped firmly while at the same time adequate room is provided internally for effective locking elements * * *."

Now it is true that the second and third sentences of the paragraph just quoted do in fact describe a seal somewhat different in shape and arrangement from Keidel's. The inner locking section of the Keidel patent differs slightly from the locking device described by Klein and Kasanof, but the principles of both pat-

ents are identical. The difference between the seals lies in detail, in mere size and shape of locking members, but both theory of operation and actual method of operation of the two seals are the same. Invention cannot consist of mere mechanical changes over the prior art. Moreover, in the case at bar there is no sufficient evidence to support a conclusion that the Keidel seal is anywise superior to that of Klein and Kasanof.

An examination of Patent No. 1,791,342, issued upon February 3, 1931, upon an application filed October 6, 1928, to M. B. Behrman, resolves any doubt concerning the invalidity of the appellant's patent. In the Behrman patent the locking member disclosed is really the converse of Keidel's. As such it is more efficient and less capable of being opened without destruction but the improvement is the merest exercise of mechanical ingenuity.

The patent of Klein and Kasanof, No. 1,789,236, though issued upon January 13, 1931, over a month and a third after the issuance of the patent in suit to the appellant, was none the less based upon an application filed December 19, 1928, while Keidel's application was filed upon November 9, 1929. It is fundamental that the patentee must be the first inventor. Milburn Co. v. Davis-Bournonville Co., 270 U.S. 390, 402, 46 S.Ct. 324, 325, 70 L. Ed. 651. In view of the fact that the appellant has made no attempt to carry the date of Keidel's invention back of the filing date of Klein and Kasanof, it is obvious that as between Klein and Kasanof and Keidel the former must be held to be the first inventors.

Since we are of the opinion for the reasons stated that the eighth claim of the appellant's patent is invalid by reason of prior invention by Klein and Kasanof and also is void over the prior art as exemplified by Behrman's patent, we deem it unnecessary to deal with any other issues presented by the contentions of the parties.

The decree of the District Court is affirmed.