## MANNION et al. v. PENN.

(Court of Appeals of District of Columbia. Submitted March 12, 1925. Decided April 6, 1925. Petition for Rehearing Denied April 18, 1925.)

No. 1734.

**1. Patents ⬅=112(1)—Junior parties in interference proceeding can derive no benefit from fact that patent has been inadvertently issued to them pending senior party's application.**

Junior parties in interference proceeding can derive no benefit from fact that patent has been inadvertently issued to them pending senior party's application.

**2. Patents ⬅=91(4)—Diligence of junior parties in interference proceeding in perfecting invention, entitling them to priority, held not shown.**

In interference proceeding, involving priority of patent consisting of plug of resilient material, designed to clean condenser tubes, evidence showing early experimentation by junior parties *held* not to show diligence in perfecting invention, entitling them to priority.

Appeal from Commissioner of Patents.

Interference proceeding involving priority of invention between Marion Penn, senior party, and Martin Mannion and Robert C. Arthur, junior parties. From a decision granting priority to the senior party, the junior parties appeal. Affirmed.

J. R. Edson and W. L. Symons, both of Washington, D. C., for appellants.

W. R. Kennedy, of New York City, for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice. The junior parties, Mannion and Arthur, appeal from the decision of the Commissioner of Patents awarding priority of invention to appellee, Penn. The invention set out in the claims of the issue is described in the opinion of the Commissioner as follows:

"The invention relates to a plug designed to be forced by water or compressed air through condenser tubes for the purpose of cleaning the same. The plug in shape resembles a spool. Its flanged end portions act as wipers which wipe the sediment from the inner surface of the tube and expel it from the end thereof as the plug is forced through the tube."

Some of the counts state that the plug is made of resilient material, some that the intermediate portion is grooved, some that the intermediate portion tapers towards the flanges, and some that the flanged end portions have a greater diameter than the intermediate portions.

[1] Mannion and Arthur filed their application July 1, 1921; Penn filed March 28, 1921. A patent inadvertently was issued to Mannion and Arthur during the pendency of Penn's application. The burden of proof, therefore, rests upon Mannion and Arthur, the junior parties, since they can derive no benefit from the fact that they are patentees.

[2] Mannion and Arthur rely chiefly upon the making and testing of plugs made of wood with disks nailed to the ends. These plugs, it appears, were used to clean tubes of a condenser in 1918. The wooden plugs, however, proved practically worthless, since they would split in the operation. The counts of the issue, however, have little, if any, reference to the wooden plugs, but are limited to either an elastic plug or a plug with the intermediate portion between the flanges grooved. Mannion and Arthur produced evidence to the effect that, at the time the wooden leather plugs were tested, they had in contemplation a plug composed of rubber. The tribunals below held that, even assuming this testimony to be correct, Mannion and Arthur had not been diligent in perfecting the invention, and could not claim a reduction to practice prior to their filing date. That they were lacking in diligence in this particular when Penn came into the field, is indubitably established. In this view of the case, the concurring decisions of the tribunals of the Patent Office, awarding priority to Penn, are correct.

The decision of the Commissioner of Patents is affirmed.