### FOOKS v. THOMPSON.

Court of Appeals of District of Columbia.

Submitted January 16, 1929. Decided February 4, 1929.

No. 2108.

Melville Church, of Washington, D. C., for appellant.

Arthur E. Dowell, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice. Appeal from concurrent decisions of the Patent Office tribunals (Examiner of Interferences, Examiners in Chief, and Commissioner) in an interference proceeding awarding priority of invention to the party Thompson.

The seven counts of the interference cover a method and apparatus for cooking canned goods and thereafter cooling them, both operations being carried out within a closed container having therein several compartments, one of which contains a heated liquid and the other a cooled liquid, both maintained under an atmosphere of a fixed gas at a pressure sufficiently great to prevent ebullition of the liquid in the heating compartment.

█ Each party claims to have disclosed the invention to the other. The question, therefore, is one of originality. Fooks is the senior party, his application having been filed on January 24, 1920. The Thompson application was filed September 29, 1920. A patent was inadvertently issued to Fooks on October 5, 1920, and a reissue application substituted January 13, 1921. The applications having been copending in the Patent Office and covering the same subject-matter, an interference should have been declared to determine the prior inventor. Under a long-established rule in the Patent Office and in this court, in an interference between an applicant whose application was filed before the grant of a patent to the other party, the patentee gains no advantage through the inadvertence of the Patent Office; the applicant being required to establish his case by a preponderance of evidence only. Mannion et al. v. Penn, 55 App. D. C. 290, 4 F.(2d) 957.

Milburn Co. v. Davis, etc., Co., 270 U. S. 390, 46 S. Ct. 324, 70 L. Ed. 651, is not inconsistent with this rule. That was a suit for the infringement of a patent to Whitford, whose application was filed March 4, 1911, and a patent was issued June 4, 1912. There was no evidence of invention by Whitford prior to his filing date. An application by one Clifford was filed on January 31, 1911, before Whitford's, and his patent was

issued February 6, 1912. The Clifford application fully disclosed, but did not claim, the invention claimed by Whitford. It was held that a description that would bar a patent if printed in a periodical or in an issued patent is equally effective in an application upon which a patent subsequently is issued, and that a later applicant alleging a later date of invention is not the first inventor within the meaning of the patent statutes. In other words, the court held that Whitford, having failed to allege a date prior to Clifford's filing date, was not the first inventor.

In the present case, the applications were copending, each party was claiming the invention, and Thompson's alleged date of conception was prior to Fooks' filing date. In such circumstances, the inadvertence of the Patent Office in granting a patent to one of the parties ought not to be permitted to prejudice the other party. We hold, therefore, with the Patent Office, that Thompson, being the junior party, was required to prove his case by mere preponderance of evidence.

Each of the three tribunals of the Patent Office found, after a very careful review of the evidence, that Thompson disclosed the invention to Fooks at an interview early in January of 1920. Thompson's testimony as to what took place at this interview is corroborated, while Fooks' is not. Moreover, the surrounding circumstances are consistent with Thompson's contention. We have carefully read the evidence, and, being convinced of the correctness of the conclusions of the Patent Office on this question of fact, we affirm the decision.

Affirmed.