### ANDREW GELLER SHOE MFG. CO., Inc., v. ANSONIA BOOTERY, Inc.

District Court, S. D. New York.
May 26, 1931.

Affirmed in 53 F.(2d) 892.

Deiches, Kaufman, Feldstein & Bernson, of New York City (James Allan Bernson, of New York City, of counsel), for plaintiff.

Samuel Robert Weltz, of New York City, for defendant.

KNOX, District Judge.

In discussing the propriety of the issuance of a preliminary injunction against the infringement of an unadjudicated patent, where the validity of the letters is denied, the Court of Appeals for this circuit, in Boyce et al. v. Stewart-Warner Speedometer Corporation, 220 F. 118, 121, said: " * * *

While recognizing the fact that it is not necessary that the validity of the patent should have been previously determined, we have been reluctant to approve the granting of a preliminary injunction where the patent was comparatively new. And it has been our practice to disapprove of its issuance in a case at all doubtful and where there appeared to be any substantial controversy between the parties. * * * If a patent alleged to have been infringed is an old one, that circumstance in itself affords some reason for allowing a preliminary injunction to issue to restrain an alleged infringement. But where a patent is new, its validity necessarily having been neither adjudicated nor acquiesced in, the issuance of a preliminary injunction without a hearing upon the merits is usually regarded as unwarranted and improper. But the fact that a patent was issued as of yesterday may not always lead a court to refuse a preliminary injunction. The case must be very exceptional in its circumstances, however, to justify such a course. The matter rests in the discretion of the court, and the right to and the necessity for the injunction should be clearly shown."

 With the foregoing admonition in my mind, it is to be observed that the patent in suit, Design No. 83711, was issued upon March 17, 1931, and that it relates to the cut-outs and stitching of ladies' shoes or sandals. While the design possesses elements of attraction, and has met with popularity, and although defendant has paid it the tribute of slavish imitation, I am not satisfied that it is entitled to the dignity of an invention. In an affidavit filed in support of the motion, plaintiff frankly says: "I will freely concede that the individual elements in the shoe we have adopted to protect by a design patent are not new. Each one of them has been used before, but this same condition would apply to any design that might be employed in a shoe. The only way in which new designs can be developed is by the artistic regrouping of the lines, images and configurations which in the end produce aesthetic result."

In a similar connection the appellate court for this circuit in Knapp v. Will & Baumer Co., 273 F. 380, 385, wrote as follows: "It is true that invention may reside in a new combination of old elements. Every new combination of old elements, however, is not patentable."

The court proceeded to refer to the decision in Smith v. Whitman Saddle Co., 148 U. S. 675, 13 S. Ct. 768, 770, 37 L. Ed. 606, where it was held that, in order to sustain a design patent, "there must be originality, and the exercise of the inventive faculty. * * * Mere mechanical skill is not sufficient. There must be something akin to genius,—an effort of the brain as well as the hand. The adaptation of old devices or forms to new purposes, however convenient, useful, or beautiful they may be in their new role, is not invention."

In the present case, the features of the design which distinguish it from the prior art are slight differences in the number, size, and configuration of its cut-outs of leather, and attendant stitching. To my mind, the differences are nothing more than a display of skill such as may easily be possessed by many designers in the high class shoe trade. For many years the vamps and heels of women's shoes have been marked by various designs of cut-outs and fancy stitching, and to say that a mere rearrangement of such as have long been familiar, together with a modification or variant of the curves therein, constitutes invention, is something I do not care to do until proof demonstrates the fact.

 Under these circumstances, the motion for a continuance of the outstanding restraining order must be denied. In view, however, of the decision in Elishewitz & Sons Co. v. Bronston Bros. & Co., Inc., (C. C. A.) 40 F.(2d) 434, I shall not dismiss the complaint.