## METROPOLITAN BUTTON WORKS, Inc., v. JAFFE et al.

District Court, S. D. New York.
May 7, 1937.

Irving Seidman, of New York City, for plaintiff.

Alexander Savanuck, of New York City, for defendants.

PATTERSON, District Judge.

The plaintiff is asking for a preliminary injunction in a suit for infringement of a design patent. The patent is to Salzberg, design 104,117, issued April 13, 1937, covering a decorative nail to be used on women's garments. The nailhead is round, with an oval depression in the center and two holes in the depression. Its appearance when fastened is like that of the familiar pearl button. The nail is affixed to the garment by a number of prongs. The affidavits in support of the plaintiff's motion include those of a number of persons in the industry who state that the design is unique. The defendants submit affidavits by others in the industry to the effect that this very design in decorative nails has been familiar for years. The defendants also claim that the article is lacking in novelty because the appearance of the nailhead is precisely that of the pearl button commonly found on garments, where the two holes in an oval depression are used for the thread.

Preliminary injunctions in suits for patent infringement are issued only in cases where the court is firmly convinced that the patent is valid and that the defendants are infringing. Simson Bros., Inc., v. Blancard & Co., 22 F.(2d) 498 (C. C.A.2). The mere presumption of validity attaching to the patent from the fact of issuance by the Patent Office is not strong enough to win an injunction at the threshold of the suit. An adjudication by a court in a prior contested suit is generally accepted as settling the point of validity sufficiently to warrant a preliminary injunction in a later case, provided also of course the proof of infringement is convincing; and long acquiescence in the trade may serve as well as a prior adjudication. But where the defendant makes a decent showing against the validity of the patent sued on and where the plaintiff cannot point either to a prior adjudication of validity or to long acquiescence in validity, the general

rule is that a preliminary injunction should not be awarded. Departures from the rule are permissible in rare instances. Boyce v. Stewart-Warner Speedometer Corporation, 220 F. 118 (C.C.A.2); Rosenberg v. Groov-Pin Corporation, 81 F.(2d) 46 (C. C.A.2). These principles apply to cases involving design patents as well as to those involving other patents.

 The Salzberg patent has never been adjudicated. Acquiescence is not a factor in this case, the patent being less than one month old. The defendants in their attack on the patent make a fair showing of prior use and of lack of invention. Under the settled rule there can be no preliminary injunction.

The motion for preliminary injunction will be denied.