## HOEME v. JEOFFROY et al.
### No. 8899.

Circuit Court of Appeals, Fifth Circuit.
Dec. 7, 1938.

226

A. Harry Crowell, of Washington, D. C., and Ben H. Stone, of Amarillo, Texas, for appellant.

H. E. Hoover, of Canadian, Tex., and Jack R. Allen, of Perryton, Tex., for appellees.

Before SIBLEY, HUTCHESON and McCORD, Circuit Judges.

HUTCHESON, Circuit Judge.

Appellant, as owner of three United States patents relating to mobile ground working devices, variously called "Shovel Plows, Chisel Plows or Cultivators" brought this suit, alleging infringement and praying injunction and damages. This appeal is from an order refusing, on his motion, to grant a preliminary injunction.

Appellant recognizes that whether a preliminary injunction should be granted in a patent case is discretionary, and that the refusal of such an injunction is the rule, its granting, the exception. He insists that his case is within the exception and that, in refusing the injunction, the Court abused its discretion.

We do not think so; rather, it would have been an abuse of discretion to have granted it.

The governing rule is clearly and simply stated in George Cutter Co. v. Metropolitan Electric Mfg. Co., 2 Cir., 275 F. 158, A. B. Dick Co. v. Barnett, 2 Cir., 277 F. 423, 424, and Simson Bros. v. Blancard & Co., 2 Cir., 22 F.2d 498.

In the first case cited, reversing an order granting a preliminary injunction, it was said [page 164]: "But where a preliminary injunction is sought, the burden is upon the plaintiff to establish a prima facie case free from reasonable doubt. The presumption flowing from the grant of the patent alone does not entitle the inventor to a preliminary injunction."

In the second cited case, an order for preliminary injunction was reversed, the court saying [page 424]: "To justify a preliminary injunction in a patent case, plaintiff has not merely the burden of proof, but must 'establish a prima facie case free from reasonable doubt.' For, while ordinarily a preliminary injunction aims to preserve the status quo pending suit, in a patent case like this it may be said to destroy it."

While in the third case, it is said [page 499]: "We have often said that an injunction pendente lite in a patent suit should not go except when the patent is beyond question valid and infringed."

Plaintiff's position below was that of seeking an injunction pendente lite upon unadjudicated patents, quite new as to their granting, all of them within two years, against claimed infringers who, claiming under a still later patent, not only denied the validity of plaintiff's patents and their infringement of them, but vigorously contested their utility and workability. As vigorously as plaintiff was claiming the right by injunction to destroy defendants' new business in favor of his own, defendants were claiming the right to freedom from such destruction. To have granted a preliminary injunction in the case then, would not have been to preserve the status quo pending suit, it would have been, by putting defendants out of business, to destroy it.

The grant of an interlocutory injunction in such a case would have been not the exercise, but the abuse, of discretion. Andrew Geller Shoe Mfg. Co. v. Ansonia Bootery, D.C., 53 F.2d 891, affirmed 2 Cir., 53 F.2d 892; Metropolitan Button Works v. Jaffe, D.C., 19 F.Supp. 860.

The order was rightly entered. It is affirmed.