## UNITED STATES CAN CORPORATION v. AMERICAN CAN CO. et al.

District Court, S. D. New York.
Jan. 23, 1940.

92

Harry Chiert, of Brooklyn, N. Y., for plaintiff.

Gifford, Scull & Burgess, of New York City (Charles H. Erne and H. H. Hamilton, both of New York City, of counsel), for defendants.

HULBERT, District Judge.

Plaintiff applies for a preliminary injunction in this action commenced Nov. 17, 1939, for infringement and threatened infringement of U. S. Letters Patent No. 2,-176,898 (granted to Louis Fried Feb. 24, 1939, and assigned to plaintiff April 10, 1939), "for hermetically sealing sheet metal cans or analogous receptacles having a definite and through cut on the closure, and opening same without the use of a can opener or other tool, that is to say, digitally, and for the wrongful, wilful and intentional threat to manufacture, use and sell, in violation of the aforesaid patent, and in violation of patent pending, bearing Serial No. 278,258, and filed by George Brinton Jack, Jr., in the United States Patent Office, on June 9th, 1939, which patent pending appertains to improvements for closure members for containers made of cardboard, fibre, plastic-impregnated paper and fabric, laminated material, and novel means of sealing same."

On June 2, 1939, plaintiff entered into an option agreement with the defendant American Can Company whereby in consideration of the payment of $500 defendant received the exclusive right until August 15, 1939 to test any and all such inventions (the drawings, specifications and claims not having been previously disclosed to it); the plaintiff agreed to refrain until Sept. 15, 1939, from offering said invention, or any improvements thereon, to any other party. Defendant Can Company agreed to notify plaintiff before Aug. 15, 1939, whether the tests, experiments, estimates and patent investigations were satisfactory to it and if so to advance the sum of $3,000 to be applied against any future royalties to accrue under a license agreement to be entered into before Sept. 15, 1939; and failing the consummation thereof, the $3,000 to be returned to the defendant Can Company.

Information respecting the Jack application was also made available to the defendant Can Company which, on Aug. 16, 1939, notified plaintiff that because of objections raised as to the validity of the patent, and for other reasons, the option would not be exercised.

Thereafter plaintiff had some negotiations with defendant Borden Company.

On Nov. 9, 1939, a full page advertisement was published in the New York Herald-Tribune announcing: "A sensational new method of home milk delivery that saves you 1½ cents on every quart. Originated by Borden," and showing a reproduction of a two quart container manufactured by defendant Can Company, which constitutes the alleged infringing article. Thereupon this action was instituted.

It is asserted by the defendants that containers of identical construction of one quart capacity have been manufactured by defendant Can Company under U. S. Letters Patent No. 2,085,979, filed March 29, 1935, by Hothersall, and were in use for more than two years before the Fried application was filed. Therefore, defendant Can Company challenges plaintiff's claim that Fried was the original and first inventor. Milburn Co. v. Davis-Bournonville Co., 270 U.S. 390, 46 S.Ct. 324, 70 L.Ed. 651.

But quite apart from that, the facts presented by the defendants indicate uncertainty as to the ultimate outcome.

It has long been the established practice in this Court to refuse a preliminary injunction in the absence of prior adjudication or public acquiescence when there is any fair question as to invention, anticipation, construction, infringement or title. See Walker on Patents, Sixth Edition, page 789, and cases there cited.

Since the Fried patent has never been adjudicated, and acquiescence is not a factor and defendants make a fair showing of prior use and of lack of invention, and, moreover, the financial responsibility of the defendants is not questioned the motion must be denied. Metropolitan Button Works, Inc. v. Jaffe et al., D.C., S.D.N.Y. Patterson, J., 19 F.Supp. 860.

Settle order on two days' notice.