## MINNESOTA MINING & MFG. CO. v. KENDALL CO.

### No. 4591.

District Court, D. Massachusetts.
Dec. 5, 1940.

E. S. Newbury, Jr., and Robert E. Goodwin (of Goodwin, Procter & Hoar) both of Boston, Mass., for plaintiff.

Harrison F. Lyman (of Fish, Richardson & Neave), of Boston, Mass., for defendant.

SWEENEY, District Judge.

This action was brought under Section 4915 of the Revised Statutes, 35 U.S.C.A. § ·63, to review an interference in the Patent Office between the plaintiff's assignor, Richard G. Drew, and the defendant's assignor, John Gabosch. The decision of the examiner of interferences was affirmed by the Board of Appeals on July 22, 1937.

## Findings of Fact

Gabosch filed an application for the patent in suit on October 13, 1930. Letters patent were issued thereafter ·on March 14, 1933. This patent was assigned to the defendant. Drew filed an application for the patent directly in interference on March 20, 1929, and in his application set forth a claim reading exactly like the single Gabosch claim. This application was assigned to the plaintiff. Drew's inclusion in his patent of the phraseology of the single claim of the Gabosch patent caused the Patent Office to declare an interference.

The claim involved in the interference and which is now before this court is for:

"An adhesive tape comprising a flexible backing, a reinforcing element of open mesh fabric, and an adhesive mass penetrating said fabric, binding the same to said backing and providing a pressure-sensitive adhesive surface for applying the tape."

The examiner of interferences ruled in favor of· Gabosch, and assigned to him a date of invention as early as June 14, 1928.

The plaintiff's major contention below and here is that the invention stated in the claim in interference was disclosed in another of Drew's patent applications which was filed on July 27, 1925, and which issued on May 3, 1932. If this contention is correct, the plaintiff should prevail here for the date of this application was nearly three years prior to the Gabosch date of invention, namely, June 14, 1928, and could be treated as a reduction to practice. See Milburn Co. v. Davis-Bournonville Co., 270 U.S. 390, 46 S.Ct. 324, 70 L.Ed. 651.

The Gabosch patent clearly shows an adhesive tape composed of three parts: (1) A sheet of flexible backing, (2) a piece of open mesh fabric superimposed thereon, and (3) an adhesive mass which operated in two ways: (a) To penetrate the fabric so as to bind it to the flexible backing, and (b) to provide a pressure-sensitive adhesive surface for applying the whole to some other article. Although the Gabosch claim does not specify paper as the flexible backing, he does disclose that in the description of his invention.

Excluding the disclosure in the Drew application of July 27, 1925, the Gabosch patent was a great improvement over the previous method of using a more expensive cloth tape. The combination of paper

and an open mesh fabric greatly reduced the expense of providing adhesive tape in large quantities for industry. Likewise, the Drew application of July 27, 1925, disclosed a similar improvement.

Rule 93 of the Patent Office Rules describes an interference as a proceeding instituted for the purpose of determining the question of priority of invention between two or more parties claiming substantially the same patentable invention. The question before this court is this: Did the Drew application of July 27, 1925, disclose the same invention as that claimed in the Gabosch application in 1930? Although the 1925 Drew application is not in interference it is relied upon solely by Drew to establish his date of invention.

The rule has been laid down by the Supreme Court that, in a proceeding such as this, involving the question of priority of invention between two contesting parties, the decision made in the Patent Office must be accepted as controlling upon that question of fact in any subsequent suit between the same parties, unless the contrary is established by testimony which in character and amounts carries thorough conviction. Morgan v. Daniels, 153 U.S. 120, 125, 14 S.Ct. 772, 38 L.Ed. 657.

The parties here are apparently satisfied with the dates of invention assigned to each in the record, but differ as to the understanding of the Drew application. The plaintiff contends that it disclosed in 1925 what was claimed by Gabosch in 1930. The defendant says that what Drew disclosed in 1925, and for which he has been granted letters patent, is not the same invention disclosed by Gabosch.

The original Drew application was directed to the same general result as the Gabosch patent, namely, an inexpensive adhesive tape. Drew provided a paper backing with cheesecloth superimposed on the paper, both of which were bound together with a layer of asphaltum. After the asphaltum, paper, and the cheesecloth had been bound into a single unit, Drew next applied a pressure-sensitive adhesive to complete the article. This could be applied to either the paper surface or the gauze surface according to his disclosure in lines 87 to 97 of page 3 of his letters patent. Through a series of stereopticon and magnified views Drew demonstrated that when his pressure-sensitive adhesive is applied to the gauze surface it does penetrate the fabric of the cheesecloth

which had been previously secured to the paper binding. This penetration occurred in the minute spaces that were left beneath the crossing threads of the fabric which were apparently not pressed into the asphaltum with sufficient force to submerge them or possibly because the asphaltum coating was so thin that submerging could not take place. In any event, penetration did take place, and it is argued by Drew that his pressure-sensitive adhesive performed the dual function of (a) binding the fabric to the paper, and (b) supplying a pressure-sensitive surface by which the adhesive can be affixed to another article. I cannot see that the pressure-sensitive adhesive which may seep under strands of the gauze through gravity, and not particularly by design, can even then serve to bind the gauze to the paper backing. At most, it may cause a union between the pressure-sensitive adhesive and the asphaltum. This is not the same as using a single adhesive mass to bind the fabric to the paper, and to provide the pressure-sensitive surface for adhesion.

The difficulty with the Drew contention is that his application did not disclose that the pressure-sensitive adhesive was used for this dual purpose, nor could he have even thought that such an occurrence would take place. The test of this is that he supplied an asphaltum to do the binding between the cheesecloth and the paper, and a separate adhesive mass to provide the pressure-sensitive surface. The real invention in the Gabosch patent is the provision for the single adhesive mass accomplishing the two functions. A review of the Drew patent application of 1925 and the claims listed therein is barren of any suggestion that he anticipated the claim allowed in the Gabosch patent.

### Conclusions of Law

The factual question here presented, namely, whether the Drew application of 1925 disclosed the same invention that was awarded by the Patent Office to Gabosch on his application of October 13, 1930, was properly decided by the examiner of interferences. The claim and proof of Drew that he disclosed this invention in 1925 is far from carrying the thorough conviction that would be needed by this court to reverse the decision of the examiner of interferences. Judgment is to be entered for the defendant with costs.