## BECKWITH v. S. F. BOWSER & CO., Inc.
### Civ. A. No. 1842.

District Court, D. Massachusetts.

June 8, 1943.

Herbert P. Kenway, Herbert W. Kenway, and George P. Dike, all of Boston, Mass., for plaintiff.

Albert J. Fihe, of Chicago, Ill., and Phipps, Durgin & Cook and J. H. Duffin, all of Boston, Mass., for defendant.

HEALEY, District Judge.

This is an action for infringement of Patent No. 2,209,689, issued to William H. Dew for improvement in gasoline metering mechanism for trucks provided with power take-offs. Plaintiff is the assignee of the patent.

The invention may be briefly described. It is a mechanism by which gasoline used by a vehicle for purposes other than propulsion of the vehicle may be measured. It is comprised chiefly of a meter, a three-way valve and a power take-off lever connected to the three-way valve. The valve and meter are inserted between the gasoline pump and the carburetor. When the vehicle is being propelled along the highway, the gasoline flows from the pump, through the valve to the carburetor, not passing through the meter. However, when the power take-off lever is shifted to utilize the power of the motor for non-highway purposes, it closes the opening in the valve through which the gasoline flows directly to the carburetor, opens another outlet of the valve leading to the meter.

The gasoline then flows through, and then passes to the carburetor. Thus, the gasoline used for non-highway purposes can be accurately measured; and, in certain states, rebates on the gasoline tax may be obtained for gasoline used for such non-highway purposes.

On July 30, 1940, Letters Patent were issued to Dew.

On September 4, 1940, one Anderson H. Cantrell, an employee of the defendant, filed application for a patent for the mechanism in question, and requested that interference be declared between the Dew patent and Cantrell application. On the date of the execution of the Cantrell application, Cantrell assigned his application to the defendant. By decision dated November 26, 1941, the Board of Interference Examiners found that Cantrell had "failed to sustain his burden of proof and establish that he is the original inventor", and awarded priority of invention to Dew. No appeal was taken.

It was admitted by the defendant that there were infringements if the Dew patent is valid.

The evidence introduced by the defendant to contest the validity of the patent was directed to the issue of priority of invention and was substantially the same as that introduced before the Board of Interference Examiners.

■ It is well established that in a proceeding involving priority of invention between two contesting parties or their privies, the decision made in the Patent Office upon that question must be accepted as controlling in any subsequent suit between the same parties, unless the contrary is established by testimony which in character and amount carries thorough conviction. Morgan v. Daniels, 153 U.S. 120, 14 S.Ct. 772, 38 L.Ed. 657; Radio Corp. of America v. Radio Engineering Laboratories, Inc., 293 U.S. 1, 55 S.Ct. 928, 79 L.Ed. 163; Minnesota Min. & Mfg Co. v. Kendall Co., D. C., 35 F.Supp. 951. I am of the opinion that the defendant has not sustained the burden of proof cast upon it by this principle.

The facts as I find them may be briefly stated. Sometime in 1936, Dew conceived the idea of hooking up some kind of a meter to a truck which would accurately measure gasoline used for non-highway purposes. During the years 1936 to 1938, he searched for a suitable meter. Finally, he "found" the Akraflow meter manufactured by the defendant, and already on the market for other purposes. Dew talked with one Luhman, a representative of the defendant company, and, as a result entered the employ of the defendant company as a salesman under a contract dated January 10, 1939. Sometime in 1939, the first installation of the mechanism embodied in the Dew patent was made, with an Akraflow meter, on a truck of the Metropolitan Coal Company of Boston. The actual installation was made by Cantrell, but under the supervision and direction of Dew. There were several other installations made. I find that the idea embodied in the invention, and the development of the idea, were the work of Dew, and that Cantrell merely contributed mechanical skill necessary to install the mechanism.

■ Consequently, I conclude that the device in question is the invention of Dew, that the patent is valid, and that the defendant has infringed the patent. A decree shall be entered adjudging the Dew patent No. 2,209,689, valid; enjoining defendant from further infringement; and ordering an accounting for past infringements.

■ The plaintiff also seeks to recover for wrongful initiation of civil proceeding, relying on American Law Institute, Restatement of Torts, Section 680, which provides as follows:

"One who initiates or procures the initiation of civil proceedings against another before an administrative board which has power to take action adversely affecting the legally protected interests of the other, is subject to liability for any special harm caused thereby, if

"(a) the proceedings are initiated

"(i) without probable cause to believe that the charge or claim on which the proceedings are based is well founded, and

"(ii) primarily for a purpose other than that of securing appropriate action by the board, and

"(b) the proceedings have terminated in favor of the person against whom they are brought."

On this issue, I find that defendant instituted interference proceedings in the United States Patent Office before the Examiner of Interference. I find that the plaintiff was put to the expense of $3,099.-90 to protect the Dew patent in those proceedings. However, I find that the defendant did not act without probable cause to believe that its claim was well founded,

and I also find that defendant's primary purpose was to obtain a declaration and finding by the board of priority of invention by Cantrell. There was conflicting evidence introduced at the interference proceeding, but I cannot find that the defendant acted without probable cause. Consequently, I conclude that plaintiff is not entitled to recover anything for wrongful initiation of civil proceedings.

The defendant has filed a counterclaim alleging champerty and seeking recovery for resultant damages. On this issue, I find that all of the testimony in the interference proceedings was completed before the end of June, 1941. The assignment of the Dew patent to the plaintiff was executed on August 27, 1941. By an agreement of the same date, Dew agreed to assign the patent to plaintiff, plaintiff to pay Dew $2,500, and to hold the title to the Letters Patent in trust for the equal benefit of himself and Dew. Both parties agreed to share expenses incident to the carrying out of the purposes of the agreement. The agreement provided for the bringing of suits for infringement in the name of either. The plaintiff independently agreed with Dew to finance the interference. On November 26, 1941, the Board of Interference Examiners rendered its decision in favor of Dew. On these facts, I conclude that there was no champerty. Defendant's counterclaim, therefore, is to be dismissed.