## MESSLER v. UNITED STATES RUBBER CO.

No. 232.

Circuit Court of Appeals, Second Circuit.

April 10, 1945.

See also 53 F.Supp. 76.

Nathaniel Frucht, of Providence, R. I. (Rockwell & Bartholow, of New Haven, Conn., of counsel), for plaintiff-appellant.

Gifford, Scull & Burgess, of New York City (Newton A. Burgess and William R. Epes, both of New York City, of counsel), for defendant-appellee.

Before L. HAND, AUGUSTUS N. HAND, and CLARK, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

This is a suit for infringement of a patent brought by Madge Messler, the owner of U. S. Reissue Patent No. 18,237, granted October 27, 1931, against United States Rubber Company. She is the daughter of Matie C. Messler who filed the application for the original patent, and the assignee of the latter. The alleged invention relates to a cushioning insole for boots and shoes and the claims in issue are 2 to 6 inclusive. The trial judge held these claims void for lack of invention over U. S. Patent No. 1,697,589, to Cort. He also held that the claims were not infringed by the defendant's insoles and directed a judgment dismissing the complaint, from which the

[2] If there were only abuse of lawful discretion mandamus might not lie to correct it.

plaintiff has appealed. In our opinion the decision was clearly right and should be affirmed.

The issue as to validity turns upon the status of the Cort patent. Its claims did not anticipate those of the patent in suit but the specification admittedly disclosed the same invention as that embodied in plaintiff's patent. Indeed the latter contends that Cort stole the invention from her assignor. Unless the plaintiff has succeeded in carrying back the invention of the patent in suit to a date prior to that of the Cort application on April 26, 1926, which preceded that of Matie C. Messler dated October 29, 1927, the patent in suit is void for lack of invention under the doctrine of Alexander Milburn Co. v. Davis etc. Co., 270 U.S. 390, 46 S.Ct. 324, 70 L.Ed. 651, for the Cort application disclosed the matter later patented to Messler. The plaintiff attempted to carry back the date of the invention by reference to an affidavit made by Matie C. Messler, the inventor, stating that prior to the date of the Cort application, filed on April 26, 1926, " * * * I conceived and completed the invention called for by claims 10 and 11 in my said application and reduced the same to practice by embodying the same in an inner sole which is affixed to this affidavit and marked 'Messler's Exhibit A Application Se. No. 229,637 filed October 29, 1927'; that Exhibit A has been continuously in my possession since the day on which it was made; that I do not know and do not believe that the invention has been in public use or on sale in this country or patented or described in a printed publication in this or any foreign country for more than two years prior to the above mentioned application, and that the invention described in said application has never been abandoned."

The original U. S. Patent No. 1,807,341 to Messler, of which the patent in suit is a reissue, was granted May 26, 1931, after the filing of the foregoing affidavit by Matie C. Messler. Claims 2 and 3 of U. S. Patent No. 1,807,341 and of Reissue Patent No. 18,237 are identical with Claims 10 and 11 referred to in the Messler affidavit. The affidavit was filed to obtain the issue of U. S. Patent No. 1,807,341 in view of the requirements of Rule 75 of the Patent Office, 35 U.S.C.A.Appendix, in a case where the earlier application of Cort contained a description of the Messler invention which, however, Cort had not claimed in his application. The Rule reads as follows:

"When an original or reissue application is rejected on reference to an expired or unexpired domestic patent which substantially shows or describes but does not claim the rejected invention, or on reference to a foreign patent or to a printed publication, and the applicant shall make oath to facts showing a completion of the invention in this country before the filing of the application on which the domestic patent issued, or before the date of the foreign patent, or before the date of the printed publication, and shall also make oath that he does not know and does not believe that the invention has been in public use or on sale in this country, or patented or described in a printed publication in this or any foreign country for more than one year* prior to his application, and that he has never abandoned the invention, then the patent or publication cited shall not bar the grant of a patent to the applicant, unless the date of such patent or printed publication be more than one year* prior to the date on which application was filed in this country."

In addition to using the Messler file wrapper containing her affidavit to carry the date of invention back of that of Cort, the plaintiff called Arnold C. Messler, her father, as a witness to show that his deceased wife Matie C. Messler was the real inventor of the insole disclosed in the Cort application. He testified as to Cort as follows:

"Q. What do you remember about that person? A. I know that he was a man that made shoes for us; and Mrs. Messler took down the patent, her invention, and showed it to him.

"Q. Did he make shoes for you? A. Yes.

"Q. Embodying this invention? A. I think that when we found that he had tried to get a patent—I don't remember whether he made shoes with that in or not. Possibly he did.

"Q. Well, did he make them for you? A. Yes.

"Q. Do you remember what happened, have you any recollection of what happened when you found that he tried to get a patent? A. Yes. We were very much

---

* In the case of applications for patent filed prior to August 5, 1940, this period is two years instead of one year.

disturbed to think that he tried to steal it from Mrs. Messler.

"Q. Do you know what happened then? A. Yes. I think there was an affidavit got out and signed by Mrs. Messler to show that she was the original inventor of it.

"Q. And do you know about when that affidavit was signed? A. Well, I cannot remember dates. The affidavit itself would tell, wouldn't it?

"Q. Do you remember—Yes, the affidavit will tell. Do you remember about when Mrs. Messler made her original invention? A. April in 1926, but she had been working on it for over two years; pretty near three years.

"Q. How do you remember that? A. Because she was very sick in 1923 and she couldn't walk and she tried to get something that would help her to walk.

"Q. And was this the patented invention, what she developed to help her walk? A. It was."

The witness said on cross-examination that what his wife showed Cort in April 1926 was the same thing shown in the patent in suit; that while she did not have a patent at that time, "she was working it out." But he admitted that he had no sample drawing or description of the thing that was talked over between his wife and Cort. The only specimen he made any reference to was Exhibit A, accompanying the affidavit of March 25, 1931, which was included in the file wrapper and has since disappeared; he said: "I can't carry dates in my head." The trial judge held that "the date must be carried back by clear and convincing proof at least equivalent to that required by conviction in criminal cases, as defendant claimed, or by 'satisfactory and convincing' proof, at least. The affidavit without the support of the device introduced with the affidavit in the Patent Office, taken together with the extremely vague testimony of the witness Messler, does not meet such a requirement of proof and the patent must be held to be invalid as lacking priority of invention."

■ We feel no doubt that the vague testimony of the husband of the alleged inventor Matie C. Messler, who was also the father of the plaintiff, was too dependent on a more or less interested recollection of events said to have occurred some eighteen years before to meet the heavy burden imposed upon persons seeking to ante-

date the disclosure of a patent specification. United Shoe Corporation v. Brooklyn Wood Heel Corporation, 2 Cir., 77 F.2d 263, 264. In the case at bar there was not a scrap of contemporary physical or written evidence showing that Mrs. Messler invented the insoles described in her patent before the date of Cort's application in 1926. The proof all depended upon the doubtful memory of a man who said: "but to carry dates I cannot." Certainly there was abundant basis for the finding of the trial judge: "It has not been established by satisfactory and convincing evidence that the Messler invention antedated the Cort invention."

The contention that the self-serving declarations of the affidavit filed in the Patent Office five years after Cort's application should be given weight as evidence or should shift the burden of proof to the defendant is to say the least surprising. Under the rule of the Patent Office it served the purpose of securing an issue of the patent in suit in spite of the earlier disclosure by Cort. But the issue under such circumstances in no sense was the equivalent of an adjudication of priority, nor did it involve any exercise of discretion by the Patent Office, for the mere filing of the affidavit required the issue under the rule irrespective of any merits.

■ The plaintiff relies on Thacher v. City of Baltimore, D.C.Md., 219 F. 909, where Judge Rose sustained a date of invention because of facts shown in affidavits filed under Rule 75 because the defendant had offered no evidence to controvert the truth of the affidavits. His decision was affirmed by the Fourth Circuit in 230 F. 1022. But Judge Wade reached an opposite conclusion in a suit brought for infringement of the same patent and held, as we think correctly, that the proof furnished to the Patent Office by the affidavit in view of the evidence before him was insufficient to carry back the date of invention. Thacher v. Board of Sup'rs, D. C., 235 F. 724. We do not think that Justice Brown laid down any different rule in Deering v. Winona Harvester Works, 155 U.S. 286, 298, 15 S.Ct. 118, 39 L.Ed. 153, when he said as to the proof introduced by the plaintiff to antedate a foreign patent "his oath was accepted by the Patent Office as decisive of the fact and a patent was issued to him upon it, and the model, which was put in evidence, was shown to have been completed as early as February, 1881." This

language in no sense implied that the trial court relied on the affidavit of the applicant as sufficient but indicates that there was proof of the date of invention shown by a completed model. The decisions we have referred to fail to persuade us that an ex parte affidavit of an inventor under Rule 75 is evidence which calls upon an allegedly infringing defendant to controvert the truth of the affidavit.

Our attention is called to a suit by the present plaintiff brought in the District Court for the District of Columbia against one Havey for infringement of the patent in suit in which the court sustained the validity of Claims 3, 4 and 6 of the patent, held them infringed by Havey, and determined that the patent to Cort was "not a proper reference against the Messler Patent Reissue No. 18,237." If this decision meant that the affidavit of Matie C. Messler of March 25, 1931 determined the date of her invention as against Havey or shifted the defendant's burden of proof we cannot agree with it for the reasons we have already stated. We cannot say, however, that the plaintiff in that case may not have submitted other evidence sufficient to prove convincingly a date of invention prior to Cort. As matters stand we do not consider the decision pertinent.

■■ We also agree with the court below that the claims have not been infringed by the United States Rubber Company. The field of the Messler patent has been the subject of many very similar inventions, so that the claims must be narrowly construed. We have examined the claims in suit and fully agree with the conclusion which Judge J. Joseph Smith, who conducted the trial, expressed as follows:

"As I have construed the claims, there is present in each of the claims the portion of the ball portion, 22, of substantial thickness, uniform in thickness with the heel and shank portions, with substantially flat upper and lower surfaces, which has been referred to as a peninsula and which acts as a support for the metatarsal arch. This feature is not present in the devices of the defendant which are alleged to infringe. These devices of the defendant also lack, in the shank portion and in what is referred to in Messler as the ball portion, substantially flat upper and lower surfaces, and also lack heel and shank portions of substantial and uniform thickness.

The heel portions of the accused devices show a slight forward taper of the heel, and show a decidedly higher portion of the shank on the inner side of the foot * * *."

Inasmuch as what we have said must be determinative of the case at bar, we find it unnecessary to discuss the other questions argued on this appeal.

For the foregoing reasons the judgment is affirmed.

L. HAND, Circuit Judge (concurring).

I concur on the issue of invalidity, and find it unnecessary to pass upon the issue of infringement.